Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, November 22, 2010 9:05:21 AM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                      )
                                            )
GEORGE VAN WAGNER                           )   CASE NO. 08-435
                                            )
        Debtor.                             )   Chapter 7

## MEMORANDUM OPINION

George Van Wagner, *pro se*, filed a document entitled "Motion to Sustain Determinations from the January 14, 2010 Hearing," in which he seeks a declaration that his Chapter 7 trustee abandoned certain property to him when the Trustee settled unrelated third-party litigation.[1]

For the reasons stated herein, the court concludes that its order approving the settlement agreement did not act to abandon the property interests sought to be assumed by Mr. Van Wagner.

## I. BACKGROUND

When Mr. Van Wagner filed his individual Chapter 11 bankruptcy petition on March 28, 2008, he possessed membership or equity interests in various business entities, including: Hickory Ridge, LLC; Vanwood, LLC; Leisure Living, LLC; Norwood, Inc.; VAC, LLC; and Topaz, LLC.

While in charge of his personal Chapter 11 bankruptcy estate, Mr. Van Wagner was involved in four adversary proceedings. First, Mr. Van Wagner sued his brother, Paul Van Wagner, and

---

[1] In addition to the Motion being adjudicated by the court, the court is considering other filings of the Debtor as supplementing the Motion. These supplemental documents are: (1) the adversary complaint filed by the Debtor, styled *Van Wagner v. Fluharty (In re Van Wagner)*, Adv. Proc. No. 10-37; (2) the Request for Order for Partial Abandonment Be Put in Bankruptcy Record, filed by the Debtor on March 22, 2010 (Document No. 714); and (3) the Motion to Release Equity Interest In Debtor's LLCs, filed by the Debtor on April 30, 2010 (Document No. 749). After the evidentiary hearing held by the court on October 8, 2010, Mr. Van Wagner further supplemented his arguments on October 29, 2010 (Document No. 849).

1

Berkeley Plaza, LLC, in a case styled *Van Wagner v. Van Wagner*, No. 08-ap-55. Among other things, Mr. Van Wagner alleged that an earlier transfer of his 33% interest in Berkeley Plaza to his brother was fraudulent because the transfer was for $25,000 and the value of the 33% interest was $500,000.

Second, in *DeLage Landen Financial Services, Inc. v. George Van Wagner*, No. 08-ap-73, DeLage Landen sought a determination that Mr. Van Wagner had forged signatures and incurred debt on behalf of certain business entities without authority. As a result, DeLage Landen requested that certain amounts owed to it be excepted under 11 U.S.C. § 523(a)(2)(A) from any discharge that Mr. Van Wagner might obtain. Mr. Van Wagner then obtained permission of the court to implead third party defendants, PVW Enterprises, LLC, Paul Van Wagner, and King Metro Rentals, Inc., on the grounds that those parties – not himself – were liable for any damages owed to DeLage Landen.

Third, in *Van Wagner v. Quail Farm, LLC*, No. 09-ap-47, Mr. Van Wagner sued Quail Farm, King Metro Rentals, Inc., and Paul Van Wagner on the grounds that he and Paul Van Wagner had a verbal contract to develop and build properties in Martinsburg, West Virginia. Among other things, Mr. Van Wagner alleged that Paul Van Wagner wrongfully took $1 million in company profits for his personal benefit.

Fourth, in *Moler Custom Farming v. Van Wagner*, No. 09-ap-66, Moler Custom Farming sought a determination that Mr. Van Wagner owed it $64,750 and that this amount should be excepted from Mr. Van Wagner's discharge based on his allegedly fraudulent conduct. In conjunction with this adversary proceeding, Mr. Van Wagner also sought permission from the court to add Paul Van Wagner and PVW Enterprises, LLC as third party defendants.

In addition to the above-four adversary proceedings, Mr. Van Wagner believes that he has litigious rights against a number of other entities and individuals. Among other rights, with regard to Mr. Van Wagner's equitable interest in Hickory Ridge, he alleges that a parcel of property that Hickory Ridge intended to convey was not actually included in the transfer, and, therefore, is still owned by Hickory Ridge. With regard to Mr. Van Wagner personally, he asserts that he has a second deed of trust that was to be subordinated to another lien interest, but the subordination was done incorrectly so that his second deed of trust retains a priority position. Moreover, Mr. Van Wagner believes that he has uncovered a conspiracy against himself, Vanwood, Hickory Ridge, and

Leisure Living that entails various parties purposefully concealing assets, liabilities, and discrepancies in deeds, notes, and property boundaries. As a result, Mr. Van Wagner believes that he has causes of action to assert against Pill & Pill, LLC; David Pill; Rapid Funding, LLC; Branch Bank & Trust Co.;William Hallum; Rosenberg, Martin, and Greenberg, LLP; Kathy Santa Barbara; Santa Barbara Law Offices; Centra Bank; Robert Trumble; and McNeer, Highland, McMunn and Varner, PLLC.[2]

On July 1, 2009, Mr. Van Wagner converted his Chapter 11 case to one under Chapter 7. Thomas H. Fluharty was appointed as Mr. Van Wagner's Chapter 7 trustee. According to Mr. Van Wagner, he discussed his ownership interests in his various business entities with the Trustee at length, detailing the assets of the entities, their debts, and his litigious rights. On December 23, 2009, the Trustee sought to compromise Mr. Van Wagner's requests for relief in the four pending adversary proceedings. The Trustee agreed to accept $18,750 from Paul Van Wagner and his related companies in satisfaction of any claim asserted against them by Mr. Van Wagner.

Although Mr. Van Wagner was prepared to object to the motion to compromise, Mr. Van Wagner and the Trustee agreed that – in exchange for Mr. Van Wagner not opposing the motion to compromise – the Trustee would abandon certain property. Paragraph 7 of the motion to compromise states that the Trustee "will abandon any and all other causes of action which could be asserted by George Van Wagner, individually, against any party other than Paul Van Wagner, PVW Enterprises, King Metro Rentals or Quail Farms." (Case No. 08-435, Document No. 665, ¶ 7). By its terms, this language is limited to causes of action, not membership or equity interests in Mr. Van Wagner's business entities.

Branch Banking & Trust Company ("BB&T") filed a limited objection to the Trustee's motion to compromise on the grounds that the Trustee did not provide any information about the causes of action subject to a potential abandonment. Thus, the motion to compromise deprived creditors of the ability to determine exactly what claims the Trustee proposed to abandon, and whether the proposed abandonment met the standards set forth in 11 U.S.C. § 554. Mr. Van Wagner's schedules failed to identify any such causes of action, let alone value them.

---

[2] These litigious rights are identified by Mr. Van Wagner in Document No. 637 in Case No. 08-435.

At the January 14, 2010 hearing on the trustee's motion to compromise the four pending, unrelated adversary proceedings abandonment was discussed at length:

> Mr. Fluharty: [Regarding Mr. Van Wagner's rights concerning errors or omissions in the transfer and subordination documentation] I believe that if there were errors submitted, that the damages were of inconsequential value, were de minimus. Any error that occurred in closing documents or the terms of the deed of trust seems like it could have been cured by a complaint to quiet title. . . . I filed my motion to settle [the four adversary proceedings] and excluded or put in some general language about excluding other causes of action which could be asserted by George Van Wagner, individually.
>
> . . . .
>
> Mr. Hallum: I termed it a "limited objection," because I think in effect, the Trustee's motion is really two motions. There is a motion for authority to compromise specific identified claims for $18,500. And the Bank has no objection to that as a motion . . . but then as part of the same motion, there is also a question of authority to abandon claims against everybody in the world, other than the named parties from whom the Trustee is to receive the $18,500, and that's the part we object to. . . . [T]he Trustee . . . has actually asked for affirmative authority to abandon all claims that Mr. Van Wagner has against everybody, except for Paul Van Wagner, PVW Enterprises, Metro Rentals, and Quail Farm. So if the motion is actually granted and Mr. Van Wagner sues me, the bank, Mr. Trumble, or anyone else, he will be able to say the Bankruptcy Court has given its blessing for these claims to come back to me, and for me to do with as I please. . . . Section 554 authorizes abandonment, "after notice and a hearing," of property that is burdensome to the estate or that is of no consequential value and benefit to the estate. . . . So I think th[at] . . . code section requires the Court to find, No.1, under the circumstances, parties have been given sufficient notice of what it is the Trustee is proposing to abandon, and why is it he is proposing to abandon it. And secondly, that Court has to make a finding that whatever is being sought to be abandoned is, in fact, burdensome or of inconsequential value to the estate. . . . Before today, there was no way for anyone to know that.
>
> . . . .
> [Recess taken and discussion held off the record]
>
> Mr. Fluharty: Mr. Hallum and I have spoken. . . . Mr. Van Wagner brought to me a variety of documents . . . . I have reviewed those documents. And I can't see, from those documents, that there was . . . an issue that I could raise, as a Trustee, against anyone. If there was an issue, it was so slight, that the damages would be inconsequential. Because of that, it's my opinion that any claim against any of these entities or individuals is burdensome to the estate or of inconsequential value.
>
> . . . .
>
> Mr. Hallum: . . . [I]f the Court believes that there is a sufficient basis for a finding that the claims against those named parties are burdensome, of inconsequential value, if the Court's granting the motion says the Court has so found, that's fine.

4

. . . .

The Court: Mr. Van Wagner, what the Trustee is proposing to do here . . . [i]n addition to resolving the four items that are specifically in the motion to approve settlement agreement, the Trustee is also seeking to abandon any and all claims of the estate. . . . What is being made clear here today is that abandonment is going to relate to the allegations that you have recently made in the motion to dismiss, which was later withdrawn, and you may have made in related cases in which you are involved, directly or indirectly, but the net effect is what the Trustee is indicating is that after his investigation of those potential claims, in his judgement, as Trustee, he does not believe that there is any value to the estate. [W]hat he is seeking, under Section 554 of the Bankruptcy Code, is to abandon them as inconsequential or burdensome to the estate. Now the net effect of that would be, if there is any follow-on litigation, that it would be clear that the estate is not going to have an interest in those matters and will not be a party . . . .

Mr. Van Wagner: I just want to make sure I understand that I have not lost any rights to pursue those claims, if there is a claim there.

The Court: At least you have not, by virtue of the estate abandoning any interest . . . .

. . . .

Mr. Van Wagner: He is abandoning all these claims, leaving them open. So what he has moved for, is moved for this motion to be approved as its written up?

The Court: . . . . That was in Paragraph 7 of the motion to compromise. . . . Is it also embodied in the settlement agreement itself?

Mr. Fluharty: No, Your Honor, but it would be – the parties mentioned it in the motion – claims against them.

The Court: All right, so the only change, so to speak, is that in Paragraph 7 of the motion to approve the settlement here today, in which the Trustee indicates that he is going to abandon any and all other causes of action which could be asserted against the parties which are directly a part of the settlement agreement, he is also abandoning any other claims that the estate may have, including, for instance, those parties that you have identified in Docket No. 637, your motion to dismiss this Chapter 7 proceeding.

Mr. Van Wagner: So he is abandoning all the claims?

The Court: That's correct.

. . . .

What is being specifically identified at the request of the parties or the request of BB&T, and as detailed here by the Trustee, is that included in all those other claims that are being abandoned are those claims, specifically, that – at least claims and parties that may be relevant to causes of action related to entities and individuals identified in Item No. 637 in your motion to dismiss.

Mr. Van Wagner: . . . . [S]o if I find something later on, I am able to bring that in another court.

The Court: That is correct.

. . . .

5

> The Court: . . . . I'm going to approve the motion to compromise, or grant the motion to compromise, and I will approve the settlement agreement as tendered to the Court.

(Exhibit 1.)

After the January 14, 2010 hearing, the court entered an order, prepared by the Trustee, on February 3, 2010, that granted the Trustee's motion to compromise:

> The Court being of the opinion that the Motion to Compromise and Approve Settlement Agreement should be granted, it is accordingly **ADJUDGED, ORDERED and DECREED** that the Trustee be and is hereby authorized to execute the settlement and release attached to the Motion . . . .

(Document No. 684).

Nothing in the court's order mentioned any abandonment by the Trustee, or specifically adjudicated the limited objection to the Motion to Compromise filed by BB&T.  Nothing in the Trustee's settlement agreement mentioned any abandonment of unrelated claims.

During a February 22, 2010 telephonic hearing on an unrelated motion for relief from the automatic stay filed by Jefferson Security Bank, Mr. Van Wagner asserted that the Trustee told him that he was going to abandon – in addition to his legal claims – all of his LLCs and their properties to Mr. Van Wagner.  At the February 22nd hearing, the Trustee told the court that none of Mr. Van Wagner's LLC interests had any value to the estate, except for Eagle Properties.

Following the January 14, 2010 hearing, no order of abandonment was tendered to the court by any party.  On March 22, 2010, Mr. Van Wagner filed his Request for Order for Partial Abandonment be Put in Bankruptcy Record, wherein Mr. Van Wagner requested that the court enter an order reflecting that the Trustee had already abandoned all of the property of his bankruptcy estate except for Eagle Properties, LLC.  On April 30, 2010, Mr. Van Wager filed his Motion to Release Equity Security Interests in Debtor's LLCs, wherein he argued that the court's February 3, 2010 Order approving the settlement effectively abandoned any interest his Trustee had in his limited liability companies.  Both motions came before the court on May 3, 2010, at which time the Trustee stated that he would formally file a notice of abandonment such that all parties could be made aware of exactly what was proposed to be abandoned by him.

On May 6, 2010, the Trustee filed his Notice of Intent to Abandon Property, in which he specifically identified Mr. Van Wagner's equity ownership interests in six different business entities

and "malpractice or related actions which could be asserted by the debtor against certain law firms, namely Pill & Pill; Rosenberg, Martin, Green, LLC; and McNeer Highland, McMunn & Varner." (Document No. 757).  BB&T objected to the Trustee's Notice of Intent to Abandon, as did Mr. Van Wagner – on the grounds that the Notice was unnecessary given that the property identified therein had already been abandoned by the Trustee.

At the June 24, 2010 hearing on the Trustee's Notice of Intent to Abandon, BB&T made an offer to the Trustee to settle any and all claims against it for an unspecified amount of money. Subsequently, the Trustee withdrew his Notice of Intent to Abandon and now seeks to enter compromise agreements with BB&T and other parties facing potential litigation by Mr. Van Wagner should his alleged litigation rights against them be abandoned by the Trustee.[3]

## II. DISCUSSION

In Mr. Van Wagner's "Motion to Sustain Determinations from the January 14, 2010 Hearing," he alleges that the Trustee was without authority to file his now withdrawn Notice of Intent to Abandon, and that all assets of his bankruptcy estate that had not been administered as of January 14, 2010, were abandoned to him as a result of the court's approval, on February 3, 2010, of the Trustee's motion to compromise, which in ¶ 7, stated that the Trustee "will abandon any and all other causes of action which could be asserted by George Van Wagner, individually, against any party other than Paul Van Wagner, PVW Enterprises, King Metro Rentals, or Quail Farms."  Mr. Van Wagner also relies on statements made by the court at the hearing on the motion to compromise that indicated that the Trustee was actually abandoning those claims.

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  The phrase "after notice and a hearing" is a term of art, defined in § 102(1) to mean that the court has authority to "act without an actual hearing if such notice is given properly and if – (i) such a hearing is not requested timely by a party in interest."  The method for giving proper

---

[3] The June 24, 2010 hearing Mr. Van Wagner requested 30 days to acquire an attorney. The court granted this request, and an evidentiary hearing on the issue of abandonment was set for September 2, 2010.  The September 2, 2010 hearing was rescheduled for October 8, 2010, due to Mr. Van Wagner's illness.

notice of a trustee's proposed abandonment of estate property is governed by the Bankruptcy Rules:

> [T]he trustee . . . shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees . . . .  A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court.  If a timely objection is made, the court shall set a hearing on notice to the United State trustee and to other entities as the court may direct.

Fed. R. Bankr. P. 6007(a).

Rule 6007 is the exclusive method by which property may be abandoned – other than property deemed abandoned under 11 U.S.C. § 554(c) on the closing of a bankruptcy case.  *E.g., Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (abandonment not effective unless the trustee gives formal notice to all creditors under Rule 6007); *Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 872 (4th Cir. 1991) (stating that there should be a formal abandonment of the estate's interest in a lawsuit before it is pursued by the debtor); *Steyr-Daimler-Puch of America Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir. 1988) ("[B]efore the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim."); 10 *Collier on Bankruptcy* ¶ 6007.02[1][d]   (Alan N. Resnick & Henry J. Sommer, eds. 15th ed. rev. 2010) ("Informal or constructive abandonment is not effective.").  Rule 6007(a) does not specify the form of the notice required to effect an abandonment.  Thus, as stated in 10 *Collier on Bankruptcy* ¶ 6007.03, "if the matter is of sufficient importance, a preliminary motion to the court to approve the form of notice and manner of service may be appropriate."  Proper notice is important because it is "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality [that notice be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In addition to identifying the proper parties to receive notice of a proposed abandonment under Rule 6007(a), the notice must be specific as to the property to be abandoned.  *E.g.*, *In re Killebrew*, 888 F.2d 1516, 1523 (5th Cir. 1989) (holding that vague terms would not have placed parties interested in a particular piece of property on notice that they would need to file objections to the proposed abandonment in order to obtain a court hearing); *In re FCX, Inc.*, 54 B.R. 833, 839 (Bankr. E.D.N.C. 1985) ("For a notice of abandonment . . . to be effective, it must identify the

property to be abandoned."). Furthermore, the notice should contain a statement, pursuant to 11 U.S.C. § 554(a), that the property is either burdensome to the estate or of inconsequential value and benefit to the estate and provide the basis on which the trustee is making that determination. Finally, although no order is required to effect an uncontested abandonment, obtaining a court order approving the abandonment will establish a specific date on which the abandonment becomes effective, and definitively sets that time from which post-judgment relief may be obtained. *See* 10 *Collier on Bankruptcy* ¶ 6007.02 ("[T]he better procedure is to enter an uncontested order approving the abandonment. Uncontested orders are entered routinely in many bankruptcy matters and should not unduly tax the courts or practitioners. The use of an order will provide a specific date which will then establish when abandonment is effective. In addition, the entry of an order commences the period for seeking relief from orders under Rule 60, Federal Rules of Civil Procedure, as incorporated by Rule 9024.").

When a party in interest does file an objection to a notice of proposed abandonment, Fed. R. Bankr. P. 6007(a) states that "the court shall hold a hearing on notice to the United States trustee an to other entities as the court may direct." When an objection to a notice proceeding is filed, there must be a ruling and an order by the court.

In this case, the Trustee included language regarding his intention to abandon unspecified property in his "Motion to Compromise and Approve Settlement Agreement," which is a motion brought pursuant to Fed. R. Bankr. P. 9019. In proposing a Rule 9019 compromise, the Trustee is required to file a motion, give the debtor, the United States trustee, and all creditors, 21-days notice by mail of any hearing on the motion to compromise, and obtain court approval. Fed. R. Bankr. P. 2002(a)(3); 9019(a). A court reviews a trustee's Rule 9019 motion to compromise against "the outcome of four factors: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Buffalo Coal Co.*, No. 06-366, 2006 Bankr. LEXIS 3076 at *12 (Bankr. N.D.W. Va. Nov. 15, 2006) (citing *Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2003)). In noticing the hearing on the Motion to Compromise for January 14, 2010, the Bankruptcy Clerk stated:

> Notice is hereby given that Thomas H. Fluharty, Trustee, has applied to the Court to
> have the Court approve the settlement agreement attached to the Trustee's Motion

9

> to Compromise for the sum of $18,750.
>
> You are advised that this matter is set for a hearing on January 14, 2010 at 2:00 pm at the Multipurpose Courtroom, 1st Floor, U.S. Courthouse, 217 West King Street, Martinsburg, WV 25402.
>
> For further information, you may contact the Trustee, Thomas H. Fluharty, at 408 Lee Avenue, Clarksburg, West Virginia . . . .

(Document No. 666).

Thus, the proposed settlement was noticed to parties in interest, but no separate notice was issued regarding any intention by the Trustee to abandon property.

Consequently, the parties in interest never received proper notice of any intent by the Trustee to abandon any property within the context of the Trustee's motion to settle for at least seven reasons. First, nothing in the caption of the Trustee "Motion to Compromise and Approve Settlement Agreement" would alert a party that the Trustee was also seeking to abandon unrelated litigious rights belonging to the bankruptcy estate. Second, even if a creditor read the motion to compromise, the creditor would have to identify ¶ 7 of the 10 paragraph motion, the language of which is wholly inconsistent with the other 9 paragraphs. Third, even if the language was recognized as an intent to abandon, the language forecasts an event to take place in the future: "The Trustee will abandon any and all other causes of action . . . ." Fourth, looking at the "Wherefore" clause of the motion, all the Trustee is requesting is that the court approve the "above-described compromise and settlement agreement and authorize the Trustee to execute the same and take such steps as may be necessary to effectuate the objects and purposes of this agreement." Fifth, nothing in the order approving the compromise mentions anything about the Trustee abandoning property of the estate. Sixth, by stating in ¶ 7 that the "Trustee will abandon any and all other causes of action which could be asserted by George Van Wagner, individually," the Trustee did not specifically identify what those other causes of action were, and, therefore, other parties would be at a loss to understand what exactly might be the object of the anticipated abandonment.

Seventh, and most importantly, notice of the hearing on the Motion to Compromise did not give parties in interest adequate notice that the Trustee would be seeking to abandon litigious rights. A review of the claim's register in Mr. Van Wagner's personal bankruptcy case shows that, to date,

64 proofs of claim have been filed for a total of $12,912,093.33. Of that amount $6,249,584.46 in claims are filed as unsecured. Ratifying an informal intent to abandon at the January 14, 2010 hearing would deprive these creditors of due process of law.

Moreover, apart from failing to identify the litigious rights subject to abandonment, the Trustee failed to provide adequate information regarding his determination as to why the unidentified causes of action were burdensome to the estate or of inconsequential value and benefit to the estate. Furthermore, even if the court were to construe ¶ 7 of the motion to compromise in isolation, and treat it as a proper notice of intent to abandon, BB&T filed an objection to the abandonment, which would require the court to enter an order overruling or granting the objection. No such order was entered by the court.

Consequently, the court concludes that ¶ 7 of the Trustee's Motion to Compromise is not effective as a notice of intent to abandon under 11 U.S.C. § 554(a) or Rule 6007 because notice of the intent to abandon was improper. The Trustee did issue a notice of intent to abandon property on May 6, 2010, (subsequently withdrawn) wherein the property he seeks to abandon was more specifically identified.

After reviewing the transcript of the hearing conducted on January 14, 2010, the court fully understands and appreciates why Mr. Van Wagner believes an abandonment should be declared as of that date. Nevertheless, the court cannot ignore the fact that the record regarding abandonment is deficient for the reasons articulated. Thus, despite substantial discussion on the record regarding abandonment, the court is compelled to find that an abandonment was not achieved in the manner required by law and cannot be ratified as earnestly urged by Mr. Van Wagner.

### III. CONCLUSION

For the above stated reasons, the court finds that the Trustee did not abandon "any and all other causes of action which could be asserted by George Van Wagner, individually, against any party other than Paul Van Wagner, PVW Enterprises, King Metro Rentals or Quail Farms," as of the January 14, 2010 hearing on the Trustee's Motion to Compromise, or as of February 3, 2010, the date the court entered the order approving of the Trustee's proposed settlement.

The court will enter a separate order that (1) declares ¶ 7 of the Motion to Comprise an ineffectual attempt at abandonment, (2) grants the Objection of BB&T to Motion to Sustain

11

Determinations from the January 14, 2010 Hearing, and (3) denies the Debtor's Motion to Sustain Determinations from the January 14, 2010 Hearing.